## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MIGHTY SIREN, LLC, an Oklahoma )
Limited Liability Company, REDBUD2020, )
An Oklahoma Limited Liability Company, )
LEDGER GYPSY, LLC, an Oklahoma )
Limited Liability Company, Lisa Davis, )
an individual, Sylvia Tomlinson, an )
individual, and AMBER JONES, an )
individual, )
                                     )
             **Plaintiffs,** )
                                      )
v.                                     )       **No. CIV-21-788-R**
                                      )
BRENT BATES, an individual, )
ANDREW TAYLOR, an individual, and )
SENSIBLE WELLNESS, a Texas )
Limited Liability Company, )
                                      )
             **Defendants.** )

## ORDER

Before the Court is the Motion to Dismiss filed by Defendant Brent Bates (Doc. No. 4), asserting that he is entitled to dismissal because the Court lacks personal jurisdiction over him. Plaintiffs responded in opposition to the motion (Doc. No. 6) and Defendant filed a Reply in support of his position. (Doc. No. 7). For the reasons set forth herein, the service upon all Defendants is hereby QUASHED. The Motion to Dismiss is DENIED AS MOOT and Plaintiff shall properly effect service utilizing summonses signed by the Clerk of Court and bearing the seal of the Court before the case proceeds.

Rule 4(b) of the Federal Rules of Civil Procedure provides:

> On or after filing the complaint, the plaintiff may present a summons to the court for signature and seal. If the summons is properly completed, the

> clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

Consistent with Rule 4(b) is the requirement of Rule 4(a), that a summons must be signed by the clerk and bear the court's seal. Fed. R. Civ. P. 4(a)(1)(F) and (G). The summonses in this case bear neither the Clerk's signature nor the seal of the Court nor were they issued by the Clerk. Such a shortcoming deprives this Court of personal jurisdiction over the Defendants. *See e.g. Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996)(concluding that "[t]he parties cannot waive a void summons" and the failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case."); 2 James W. Moore, *Moore's Federal Practice* ¶ 4.05 (2d ed. 1996) ("Under Rule 4(b) only the clerk may issue the summons . . . [A] summons issued by the plaintiff's attorney is a nullity."); *Cloyd v. Arthur Anderson & Co., Inc.*, 25 Fed 1056, *1 (10th Cir. June 7, 1994)(unpublished)(The summons, however, was not signed by the clerk of court or issued under the seal of the court, as required by Rule 4(b). . . . As such, plaintiff concedes, the summons was incurably defective.")(citing *United States v. National Muffler Mfg.,* 125 F.R.D. 453, 455 (N.D. Ohio 1989); 2 James W. Moore, *Moore's Federal Practice*, 1/24.02 (2d ed. 1994)); *Wells v. Ali*, 304 Fed. App'x 292, *8-9 (5th Cir. Dec. 23, 2008); *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *2 (D. Colo. Mar. 23, 2018)("A summons which is not signed and sealed by the Clerk of the Court fails to confer personal jurisdiction over the defendants" and is "incurably defective.") (citing *Cloyd*, 25 F.3d 1056 (10th Cir. 1994)).

**IT IS SO ORDERED** this 29th day of October 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE