## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MIGHTY SIREN, LLC, an Oklahoma** | ) | |
| **Limited Liability Company, REDBUD2020,** | ) | |
| **An Oklahoma Limited Liability Company,** | ) | |
| **LEDGER GYPSY, LLC, an Oklahoma** | ) | |
| **Limited Liability Company, Lisa Davis,** | ) | |
| **an individual, Sylvia Tomlinson, an** | ) | |
| **individual, and AMBER JONES, an** | ) | |
| **individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-21-788-R** |
| | ) | |
| **BRENT BATES, an individual,** | ) | |
| **ANDREW TAYLOR, an individual, and** | ) | |
| **SENSIBLE WELLNESS, a Texas** | ) | |
| **Limited Liability Company,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is the Motion to Dismiss filed by Defendant Brent Bates (Doc. No.

16), asserting that he is entitled to dismissal because the Court lacks personal jurisdiction

over him. Plaintiffs responded in opposition to the motion (Doc. No. 18). Upon

consideration of the parties' submissions, the Court finds as follows.

Plaintiffs allege that Defendants violated federal and state law with regard to the

sale of securities, specifically interest in Defendant Sensible Wellness, LLC. Defendant

Bates contends that he lacks sufficient contacts with Oklahoma so as to be subject to

defending this case and submits an affidavit outlining the absence of any contacts with the

State. Plaintiffs respond by arguing that 15 U.S.C. § 77v(a) provides for nationwide service

of process, and therefore traditional minimum contacts jurisprudence is not relevant to the outcome of Defendant's motion.

"Before a federal court can assert jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Medical Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)(quotation marks and citation omitted)." When a federal statute, here 15 U.S.C. § 77v, provides the basis for jurisdiction, the limits of personal jurisdiction flow from the Due Process Clause of the Fifth Amendment. *Id*. at 1210. 15 U.S.C. § 77v(a) provides:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

 In *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir.2000), the Tenth Circuit held that nearly identical language in an ERISA statute regarding process authorized nationwide service. When a statute provides for nationwide service of process, the due process clause of the Fifth Amendment requires that the Plaintiff's choice of forum be fair and reasonable to the Defendant. Additionally, although the burden of establishing personal jurisdiction typically rests with Plaintiff, *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011), in this scenario the Defendant bears the burden to show that the

forum is not fair and reasonable. To meet his burden, Defendant must establish "constitutionally significant" inconvenience, that is that "exercise of jurisdiction in the chosen forum will 'make litigation so gravely difficult and inconvenient that [he] unfairly is at severe disadvantage in comparison to his opponent.'" *Peay*, 205 F.3d at 1212 (alteration in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

In assessing whether a defendant has met his burden the Tenth Circuit has instructed courts to consider:

> (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.

*Id.* In light of the fact that the modern age of communication and transportation has lessened the burdens of litigating in a distant forum, it is unusual that inconvenience will rise to the level of a constitutional concern. *Id.* at 1212-13.

Defendant devotes much of his Motion to Dismiss to traditional concepts of personal jurisdiction that simply do not apply when the federal statute at issue provides for nationwide service of process. At page 7 of the Motion Defendant addresses § 77v, and argues:

Plaintiffs overextend the reach of this Section of the Code as supporting personal jurisdiction over this Defendant under our circumstances. This section confers personal jurisdiction where the defendant can be found or is an inhabitant. Bates was neither found in Oklahoma nor is he an inhabitant of Oklahoma. Further, this section confers jurisdiction in the district in which the defendant transacts business. This Defendant Bates did not conduct business in Oklahoma.

Plaintiffs assert the offer for the equity interest were made by the "defendants." That the sale was alleged to have been offered or even made in Oklahoma, alone, is insufficient under this section because it also requires that the defendant have "participated therein." In this case, Defendant Bates avers he was not a participant.

Doc. No. 16, ¶¶ 6.3-6.4 (paragraph numbers omitted). Defendant focuses on the wrong portion of § 77v(a). These provisions address venue, not nationwide service of process or jurisdiction. *See U.S. Securities and Exchange Comm'n v. Silea*, No. 4:20-cv-737 SDJ, 2021 WL 6334668 (E.D. Tex. Nov. 19, 2021); *Securities and Exchange Comm'n v. Miller*, No. TDC-19-2810, 2020 WL 3073325, *4 (D. Md. June 10, 2020). Defendant's reliance on the venue provisions as a basis for challenging personal jurisdiction muddies the issue because he failed to address the factors set forth by the Court in *Peay.* The Court will consider Defendant's argument regarding the lack of minimum contacts traditionally applied in personal jurisdiction analysis to the extent that the factors are reflected in *Peay*.[1]

Defendant argues that he has had no contact with Oklahoma, the forum state. To support this he submits a declaration pursuant to 28 U.S.C. § 1746. He declares that prior to this litigation he never initiated contact with the Plaintiffs, either in Oklahoma or elsewhere. (Doc. No. 16-1, ¶ 13). He states he never sent any material of any kind to any of the individual Plaintiffs in Oklahoma and that he did not offer to sell or provide any

---

[1] Defendant Bates does not specifically challenge venue.

good or service to the individual Plaintiffs in Oklahoma or elsewhere. He concedes he initiated communications with the individual Plaintiffs after the litigation commenced in an attempt to resolve their claims but contends he did not direct his communications to Oklahoma or elsewhere. Defendant also addresses the distance between where he lives and works—Kerrville, Texas—and Oklahoma City where this Court is located. He further declares that the evidence concerning what did or did not occur will be found in Texas and Florida, not in Oklahoma.

In response to the motion, Plaintiffs argue the *Peay* factors but present no evidence to rebut Defendant's affidavit. The Court hereby orders Plaintiffs to file a supplement to their response with the necessary evidentiary support to address each of the *Peay* factors.[2] Plaintiffs shall file this supplement within ten days of entry of this Order. Defendant Bates may file a Reply with additional evidentiary support within seven days of Plaintiffs' supplemental response.[3]

**IT IS SO ORDERED** this 31st day of January 2022.

_David L. Russell_
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

---

[2]  Plaintiffs' conclusory pleading in the Amended Complaint and their lumping of "Defendants" as a single unit and the failure to identify where communications occurred preclude the Court from relying on Plaintiff's allegations in response to the motion.

[3]  The Court notes that Plaintiff Sylvia Thompson is alleged to be an Arkansas resident and that Redbud2020, LLC is an Arkansas Limited Liability Company. The Court advises Plaintiffs to identify Defendant Bates' contacts in Oklahoma with each individual and entity separately.