IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIGHTY SIREN, LLC, an Oklahoma<br>Limited Liability Company, REDBUD2020,<br>An Oklahoma Limited Liability Company,<br>LEDGER GYPSY, LLC, an Oklahoma<br>Limited Liability Company, Lisa Davis,<br>an individual, Sylvia Tomlinson, an<br>individual, and AMBER JONES, an<br>individual,<br><br>     Plaintiffs,<br><br>v.<br><br>BRENT BATES, an individual,<br>ANDREW TAYLOR, an individual, and<br>SENSIBLE WELLNESS, a Texas<br>Limited Liability Company,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CIV-21-788-R |

## ORDER

Before the Court is the Motion to Dismiss filed by Defendant Brent Bates (Doc. No. 16), asserting that he is entitled to dismissal because the Court lacks personal jurisdiction over him. Plaintiffs responded in opposition to the motion (Doc. No. 18). The Court ordered the parties to file supplemental materials, which both have done. (Doc. Nos. 25 and 26). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiffs allege that Defendants violated federal and state law with regard to the sale of securities, including membership in Defendant Sensible Wellness, LLC. Defendant Bates contends that he lacks sufficient contacts with Oklahoma so as to be subject to defending this case in this forum. To that end, in support of his motion he submitted an

affidavit outlining the absence of any contacts on his part with Oklahoma. Plaintiffs respond by arguing that 15 U.S.C. § 77v(a) provides for nationwide service of process, and therefore traditional minimum contacts jurisprudence is not relevant to the outcome of Defendant's motion. In their supplement to their response Plaintiffs assert that Defendant Bates tasked Defendant Taylor with speaking on his behalf during the solicitation of the initial investment, and further that Mr. Taylor included Mr. Bates as a recipient in emails wherein he referenced his "team." Although Plaintiffs do not explicitly argue that Mr. Bates' contacts with Oklahoma may be assessed by considering Mr. Taylor's contacts, that apparently is their argument. Plaintiffs further allege that Defendant Bates knew he was dealing with Oklahoma residents and limited liability companies whose members were residents of Oklahoma, although Plaintiffs present no affidavits or evidence in support of these allegations and the Amended Complaint does not include any allegation that Defendant Bates contacted Plaintiffs in Oklahoma at the time of their investment, in February 2020.[1]

"Before a federal court can assert jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Medical Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)(quotation marks and citation omitted)." When a federal statute, here 15 U.S.C. § 77v, provides the basis for jurisdiction, the limits of personal

---

[1] Plaintiffs allege they were "contacted" by Defendants on January 15, 2020, to inquire if Plaintiffs had an interest in purchasing interests in Sensible Wellness, LLC. (Doc. No. 10, ¶ 12).

jurisdiction flow from the Due Process Clause of the Fifth Amendment. *Id*. at 1210. 15

U.S.C. § 77v(a) provides:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

In *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir.2000),

the Tenth Circuit held that nearly identical language in an ERISA statute authorized

nationwide service of process. Accordingly, the court held that the limit on personal

jurisdiction is that imposed by the Due Process Clause of the Fifth Amendment, which

mandates that Plaintiffs' choice of forum be fair and reasonable to the Defendant.[2]  To

establish that the exercise of jurisdiction would violate Fifth Amendment due process

principles, Defendant Bates must demonstrate the actual infringement of his liberty

interests. *Id.*at 1212. To meet his burden, Defendant Bates must establish "constitutionally

significant" inconvenience, that is that "exercise of jurisdiction in the chosen forum will

'make litigation so gravely difficult and inconvenient that [he] unfairly is at severe

disadvantage in comparison to his opponent.'" *Id.* (alteration in original) (quoting *Burger

King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

---

[2]  Although the burden of establishing personal jurisdiction typically rests with Plaintiff, *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011), in this scenario the Defendant bears the burden to show that the forum is not fair and reasonable. *Peay*, 205 F.3d at 1212.

In assessing whether a defendant has established constitutionally significant inconveniences, the Tenth Circuit has instructed courts to consider:

> (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.

*Peay*, 205 F.3d at 1212. In light of the fact that the modern age of communication and transportation has lessened the burdens of litigating in a distant forum, it is unusual that inconvenience will rise to the level of a constitutional concern. *Id.* at 1212-13.

> When a defendant makes a showing of constitutionally significant inconvenience, jurisdiction will comport with due process only if the federal interest in litigating the dispute in the chosen forum outweighs the burden imposed on the defendant. In evaluating the federal interest, courts should examine the federal policies advanced by the statute, the relationship between nationwide service of process and the advancement of these policies, the connection between the exercise of jurisdiction in the chosen forum and the plaintiff's vindication of his federal right, and concerns of judicial efficiency and economy. Where, as here, Congress has provided for nationwide service of process, courts should presume that nationwide personal jurisdiction is necessary to further congressional objectives.

*Republic of Panama v. BCCI Holdings (Luxembourg) S.G.*, 119 F.3d 935, 948 (11th Cir. 1997).

In both his motion and his Court-ordered supplemental brief Defendant argues that he has had no contact with Oklahoma. He submitted two separate declarations pursuant to 28 U.S.C. § 1746. He declares that prior to this litigation he never initiated contact with the

4

Plaintiffs, either in Oklahoma or elsewhere. (Doc. No. 16-1, ¶ 13). He states he never sent any material of any kind to any of the individual Plaintiffs in Oklahoma and that he did not offer to sell or provide any good or service to the individual Plaintiffs in Oklahoma or elsewhere. He concedes he initiated communications with the individual Plaintiffs after the litigation commenced in an attempt to resolve their claims but asserts he did not direct his communications to Oklahoma.[3] In the Declaration attached to the supplement Defendant addresses the exhibits provided by Plaintiff, and states:

> I personally did not direct, nor was I personally involved in any aspect of the Sensible Wellness venture in or toward Oklahoma until after the complaints made by plaintiffs arose. . . . This means that I was not individually involved in promoting this venture, did not communicate with plaintiffs concerning this venture in Oklahoma or elsewhere until after their complaints arose and only then in an attempt to resolve them. Although I was sent or copied on emails, none of the plaintiffs emailed me from Oklahoma or elsewhere and I never directed anything about this venture to Oklahoma before their complaints were already made.

(Doc. No. 26-1, ¶ 4). The only email submitted by Plaintiffs as having been sent to them by Defendant Bates was sent April 22, 2021, long after the alleged frauds were perpetuated. Accordingly, Defendant has established the absence of contact with Oklahoma. However, this is but one factor in considering constitutional inconvenience and contact with the forum state is not required to establish personal jurisdiction, although it is a relevant factor.[4]

*In re SEC v. Knowles*, 87 F.3d 413, 417 (10th Cir.1996).

---

[3]  In Plaintiffs' Supplement to Their Response to Brent Bates' Rule 12(b)(2) Motion to Dismiss Plaintiffs state, "Mr. Bates knew he was dealing with residents of the State of Oklahoma and their individual Oklahoma Limited Liability Companies, which in turn should have put him on notice that a dispute could have arisen." (Doc. No. 25, p 2). Plaintiffs' Amended Petition contains no such allegations, nor do they submit any affidavit to support their position.

[4]  To the extent Plaintiffs attempt to rely on Defendant Taylor's contacts with the state of Oklahoma or emails he sent, both individually and on behalf of Sensible Wellness, LLC, the Court finds no basis for permitting such reliance. Plaintiffs present no legal argument that would permit the Court to impute the contacts of Mr. Taylor or the LLC to Mr. Bates. Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

The second factor is the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business. Issues considered under this factor include: (a) the nature and extent and interstate character of the defendant's business; (b) the defendant's access to counsel; and (c) the distance from the defendant to the place where the action was brought. *Peay*, 205 F.3d at 1212.  Beyond his membership in the Defendant LLC, neither party addresses the nature and interstate character of Mr. Bates' business. Sensible Wellness, LLC, however, was clearly of an interstate nature, with business anticipated in a variety of states, including Texas and Florida by this Texas-based LLC. Defendant Bates clearly has access to counsel, having retained counsel to represent him thus far. Although Defendant avers that travel between Kerrville, Texas and Oklahoma City will be difficult, beyond trial and potentially deposition the Court would not anticipate that his presence in the district would be required on multiple occasions. Defendant further declares that the evidence concerning what did or did not occur will be found in Texas and Florida, not in Oklahoma, although clearly the Oklahoma Plaintiffs will have evidence in their possession and be subject to deposition here, which supports the exercise of personal jurisdiction. *See Peay*, "[i]n this age of instant communication and modern transportation, the burdens of litigating in a distant forum have lessened." 205 F.3d at 1213(quotation marks and citation omitted). Thus, this distance alone does not demonstrate constitutionally significant inconvenience. *See also Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 947 (11th Cir.1997) (quoting Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1067.1 at 327 (2d ed. 1987)) ("'As a practical matter ... state lines cannot provide an accurate measure of the burdens that would be imposed on a defendant by

6

requiring him to defend an action in a particular forum. There is nothing inherently burdensome about crossing a state line.'").

Factor three—judicial economy—favors this district. Because Defendants Roberts and the Company have failed to plead or otherwise respond to Plaintiffs' Complaint, this court has personal jurisdiction over them. *See e.g. O'Neill v. California Farms, Inc*., No. 12-CV-00676-WYD-KMT, 2013 WL 5467074, at *7 (D. Colo. Sept. 30, 2013). Therefore, Plaintiffs' claims against Defendant Roberts and the Company will be resolved in this district and judicial economy is best served by resolving the claims against Defendant Bates here too.

In considering the fourth factor the Court assesses the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business. The discovery in this case will likely be located in three primary states, Oklahoma, Texas, and Florida. To the extent email and mail communications are the subject of discovery those items likely may be obtained from either the senders, Defendants located in Texas or the recipient Plaintiffs who are residents of Oklahoma and Arkansas. However, the Court anticipates that much of the discovery will not require Defendant to travel outside of Texas, where he resides.

Finally, the Court considers the nature of the regulated activity in question and the extent of impact that the Defendant's activities have beyond the borders of his state of residence or business, the fifth factor. Plaintiffs allege that Defendants sold them interests in an LLC that was intended to operate in a number of states, including Texas. The

interstate nature of Sensible Wellness, LLC, of which Defendant Bates was a member, is apparent from the emails submitted by Plaintiffs.

The Court finds that although it is a close question, that Defendant has not established constitutionally significant inconvenience, that is that this Court's "assertion of jurisdiction will make litigation so difficult and inconvenient that [he] unfairly will be at a severe disadvantage compared to plaintiffs." *Peay*, 205 F.3d at 1213 (citations omitted). Accordingly, the Court need not balance the federal interests at stake in this suit. *Id.* at 1214.

For the reasons set forth herein, Defendant Bates' Motion to Dismiss is DENIED.

**IT IS SO ORDERED** this 21st day of March 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE