IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIGHTY SIREN, LLC, an Oklahoma Limited Liability Company, REDBUD2020, An Oklahoma Limited Liability Company, LEDGER GYPSY, LLC, an Oklahoma Limited Liability Company, Lisa Davis, an individual, Sylvia Tomlinson, an individual, and AMBER JONES, an individual,<br><br>          Plaintiffs,<br><br>v.<br><br>BRENT BATES, an individual, ANDREW TAYLOR, an individual, and SENSIBLE WELLNESS, a Texas Limited Liability Company,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. CIV-21-788-R<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is the Motion to Dismiss filed by Defendant Brent Bates (Doc. No. 52) asserting that Plaintiffs have failed to state a claim for relief against him. Plaintiffs responded in opposition to the motion. (Doc. No. 53). Defendant Bates filed a Reply in support of his position. (Doc. No. 54). Upon consideration of the parties' submissions, the Court finds as follows.

At the outset the Court notes that Defendant Bates previously filed an Answer, which did not include a 12(b)(6) defense. Therefore, the instant motion is technically incorrect, because a motion asserting the failure to state a claim must be made before an answer or at the times identified in Rule 12(h)(2), namely via a pleading under Rule 7(a),

in a Rule 12(c) motion for judgment on the pleadings, or at trial. However, when the Court is presented a post-answer Rule 12(b)(6) motion, it may in its discretion convert such a motion into a Rule 12(c) motion for judgment on the pleadings if the basis for the Rule 12(b)(6) motion is cognizable within a Rule 12(c) motion. *Helm v. Kansas*, No. 08-2459, 2009 WL 2168886, at *1 (D. Kan. July 21, 2009); *Swearingen v. Honeywell*, 189 F. Supp. 2d 1189, 1193. Accordingly, because Defendant Bates may raise the legal basis for his motion in a Rule 12(c) motion and because denying the Rule 12(b)(6) motion as untimely almost certainly would lead him to restyle and refile the instant motion under Rule 12(c), the Court exercises its discretion and converts the Rule 12(b)(6) motion into a Rule 12(c) motion.[1]

In ruling on a motion for judgment on the pleadings, the Court looks to the specific allegations of the Amended Complaint to determine whether they plausibly support a legal claim for relief—that is, it must include "enough facts to state a claim for relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007)(internal quotation marks and citation omitted); *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court accepts as true the well-pled factual allegations of the opposing party and draws all reasonable inferences in its favor. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). Defendant Bates argues that dismissal is appropriate because Plaintiffs fail to allege sufficient facts to plausibly

---

[1] A Rule 12(c) motion would be timely. The rule provides that "a party may move for judgment on the pleadings" "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). Here, the pleadings are closed and the trial isn't scheduled until October 2023. Accordingly, the Court sees no reason that construing the motion as arising under Rule 12(c) would delay trial.

support a claim and because Plaintiffs fail to plead fraud with particularity as required by Rule 9(b). A significant portion of the motion addresses shortcomings allegedly caused by Plaintiffs' use of the collective term "Defendants" rather than identifying specific actions allegedly undertaken by Defendant Bates.

In response to the motion, Plaintiffs contend they have sufficiently alleged facts to plausibly establish a claim for violation of the Securities Act of 1933, specifically 15 U.S.C. §§ 77(a)(1) and (2). The Court first notes that the Amended Complaint does not reference § 77l(a)(2) and accordingly, the Defendant did not have the opportunity to challenge whether Plaintiffs sufficiently pled a claim under that section. Rather, Count 1 of the Amended Complaint cites only to § 77l(a)(1) which provides for liability for "[a]ny person who . . . offers or sells a security in violation of Section 5 [15 U.S.C. § 77e] …." Section 77e makes it unlawful for a person "directly or indirectly . . . to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise. . ."

To establish a prima facie case of a violation of Section 5—15 U.S.C. § 77e—a plaintiff must prove: "(1) no registration statement was in effect with respect to the securities, (2) the defendants sold or offered to sell these securities, and (3) interstate transportation, communication, and the mails were used in connection with the sale or offer of sale." *SEC v. Continental Tobacco Co. of S. Car.,* 463 F.2d 137, 155 (5th Cir. 1972). Here the allegations of the Amended Complaint with regard to Count 1 fall short. Specifically, because there are multiple Defendants, "[t]o provide adequate notice as to the nature of multiple claims against multiple defendants, a complaint must isolate the

allegedly unlawful acts of 'each defendant.'" *Gray v. University of Colorado Hosp. Auth.*, 672 F.3d 909, 921 n.9 (10th Cir. 2012). The majority of the allegations are against "Defendants" collectively.[2] Further, in neither the general factual background section nor within Count 1 do the Plaintiffs allege that the securities offered by Defendants were not registered. Rather, that allegation is limited to Count II, but those paragraphs are not incorporated by reference into Count 1 of the Amended Complaint. Therefore, the Court finds that the Amended Complaint fails to plausibly state a claim for violation of § 77e.

The Court finds, however, that Plaintiffs should be granted the opportunity to amend their claims to remedy the above shortcomings as well as any other deficiencies they may note in reviewing the Amended Complaint. Furthermore, to the extent Plaintiffs attempt to plead common law fraud under state law, their allegations will be subject to the particularity requirements of Rule 9(b).

For the reasons set forth herein, Defendant Bates' Motion to Dismiss is granted. Plaintiffs shall file their amended complaint within seven days. The Court does not anticipate the necessity for a new scheduling order in this action in light of the unique posture of this case and expects that this development will not impact the current trial setting.

---

[2] It is unclear to the Court whether the Plaintiff LLCs were the investors or whether the individual Plaintiffs allege they were offered securities in their individual capacities. The Amended Complaint is peppered with references to "Plaintiffs" and alleges that each invested $50,000.00 for a total of $150,000. There are however, six Plaintiffs, three individuals and three entities.

**IT IS SO ORDERED** this 10th day of April 2023.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE